UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMSON MORRIS,<br><br>                               Petitioner,<br>v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>                              Respondent. | Civil No.   07cv0430-IEG (CAB)<br><br>**REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE; and TO DISMISS PETITION WITH PREJUDICE**<br><br>[Doc. No. 9] |

## I. INTRODUCTION

Petitioner Larry Williamson Morris is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 15, 2007, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies.  [Doc. No. 3.]  The Court informed Petitioner that he had not alleged exhaustion of claim 1, claim 2, parts of claim 4 and claim 5.  On March 28, 2007, Petitioner sought leave to file a motion for stay and abeyance of the Petition so he can return to state court to exhaust his unexhausted claims.  [Doc. No. 6.]  On April 5, 2007, the Court issued an Order granting Petitioner leave to file his motion and explaining the requirements for showing that a stay and abeyance procedure is appropriate.  [Doc. No. 7.]

Petitioner filed his motion on May 2, 2007.  [Doc. No. 9.]  Respondent filed an opposition on June 4, 2007.  [Doc. No. 10.]  In the opposition, Respondent argued that the stay and abeyance procedure is not appropriate in this case, and that the entire Petition is untimely under AEDPA.[1]  Because

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1244(d).

Respondent's untimeliness argument may result in a dismissal of the entire Petition, and Petitioner had not had an opportunity to respond on this issue, the Court allowed Petitioner until October 26, 2007, to file a reply to Respondent's opposition. [Doc. No. 11.] On October 30, 2007, Petitioner filed a document entitled, "Order setting date for Petitioner's reply to Respondent's opposition to Petitioner's motion for stay and abeyance." [Doc. No. 13.] Because the document was filed when Petitioner's reply was due, and because the document appears to be addressing the timeliness issue, the Court construed this document as Petitioner's reply. [Doc. No. 14.]

For the reasons that follow, this Court recommends that Petitioner's motion for stay and abeyance be **DENIED**, and the entire Petition be **DISMISSED WITH PREJUDICE** as time-barred.

## II.  DISCUSSION

Petitioner has not shown that a stay and abeyance procedure is appropriate in this case. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. District courts have limited discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In *Rhines*, the Supreme Court recognized that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. Therefore, the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. *Id.* at 275-76. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation

tactics." *Id.* at 270.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. *Id.*

Petitioner has not met the above standard.  He has not shown any good cause for the failure to exhaust his claims timely.  There is also no indication of Petitioner's diligence in pursuing his claims. Petitioner provides no explanation whatsoever for why he did not present his claims to the state courts before.  His motion simply lists the claims.  Petitioner's claims arise from a trial held in 2003.  He does not argue that he has not had access to the relevant facts or law until now.  The record before this Court contains no reason why Petitioner would not have had access to the information he needed to raise his claims in the original Petition.  Therefore, Petitioner has failed to establish good cause.  Similarly, he has made no showing that his claims are potentially meritorious and should be considered.

Further, as Respondent argues in his opposition, the entire Petition is barred by AEDPA's one-year statute of limitations.  Because this case was filed after April 24, 1996, it is governed by AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  In this case, the California Supreme Court denied Petitioner's

petition for review on April 13, 2005. (Lodgment 1.)  Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court.  Therefore, the statute of limitations period started to run on July 13, 2005, and expired on July 13, 2006. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).  The Petition was filed on March 7, 2007, well after the statutory period expired.

Petitioner is not entitled to any statutory tolling.  Nothing indicates that Petitioner was prevented from filing his claims by state action.  None of the asserted rights are newly recognized.  Petitioner has provided no evidence showing that the factual predicates of his claims could not have been discovered timely through the exercise of due diligence.  Finally, Petitioner has not stated that he filed any state habeas petitions, which would have tolled the limitations period.  At best, the exhibits to Petitioner's reply brief reveal that he requested an extension of time to file his federal habeas corpus petition, which was due by July 13, 2006 (Pet'r Reply Ex. A), but it is not clear where he filed this request nor does Petitioner cite any authority to support the implied assertion that this request would have tolled the statute of limitations.

In addition, there is no showing that Petitioner may be entitled to equitable tolling. Equitable tolling is available when the petitioner can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408 (2005); *Raspberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006). "Equitable tolling is justified in few cases." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002). "Equitable tolling is the exception, not the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1073 (9th Cir. 2006). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." 292 F.3d at 1066.

Petitioner has been given an opportunity to demonstrate good cause for his failure to exhaust his claims timely.  This Court specifically directed Petitioner to respond to the timeliness issue in his reply brief.  Petitioner filed a reply brief, but he has not described any extraordinary circumstances that stood in the way of his filing a timely federal petition.  Nor does the record reveal that there were any extraordinary circumstances that would warrant equitable tolling.  Further, there is no indication that Petitioner has been diligent in pursuing his claims.  As stated above, Petitioner has offered no facts

showing his efforts to protect his rights.

Because the Petition was filed after the expiration of the limitations period and no tolling is warranted, the entire Petition is untimely. Therefore, staying the case to allow Petitioner time for the exhaustion of his claims would be futile. Accordingly, this Court recommends that the motion for stay and abeyance be **DENIED**, and the entire Petition be **DISMISSED WITH PREJUDICE** as time-barred under AEDPA.

### III.  CONCLUSION AND RECOMMENDATION

Based upon the above discussion, the undersigned Magistrate Judge recommends that Petitioner's Motion for Stay and Abeyance be **DENIED,** and the Petition be **DISMISSED WITH PREJUDICE**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **December 6, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: November 6, 2007

CATHY ANN BENCIVENGO
United States Magistrate Judge