# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMSON MORRIS,<br><br>               Petitioner,<br><br>vs.<br><br><br>ROBERT J. HERNANDEZ,<br><br>               Respondent. | CASE NO. 07cv0430<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (Doc. No. 15);**<br><br>**(2) REJECTING PETITIONER'S OBJECTIONS (Doc. No. 16);**<br><br>**(3) DENYING MOTION FOR STAY AND ABEYANCE AS MOOT (Doc No. 9); and**<br><br>**(4) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (Doc. No. 1).** |

      On March 7, 2007, petitioner Larry Williamson Morris ("petitioner") filed a petition for writ of habeas corpus challenging his October, 2003 convictions for possession of cocaine for sale, possession of marijuana, and possession of methamphetamine. (Doc. No. 1.) Petitioner claims multiple violations of the Sixth Amendment and the Due Process Clause in his trial in Superior Court in San Diego.

      On May 2, 2007, petitioner filed a motion for stay and abeyance. (Doc. No. 9.) In respondent's opposition, filed June 4, 2007, he argued the entire petition is untimely under the statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 10.) On

1 September 28, 2007, Magistrate Judge Cathy Ann Bencivengo issued an order allowing petitioner to
2 file a reply and specifically to address the untimeliness issue. (Doc. No. 11.)  Petitioner filed a reply
3 on October 30, 2007. (Doc. No. 14.) On November 6, 2007, Magistrate Judge Cathy Ann Bencivengo
4 issued a Report and Recommendation ("Report") recommending the Court dismiss the petition for
5 failure to comply with AEDPA's one year statute of limitations. (Doc. No. 15.)   On December 3,
6 2007, petitioner filed objections to the Report. (Doc. No. 16.)

7 Reviewing the Report de novo, the Court concludes petitioner did not file his petition within
8 AEDPA's one year statute of limitations.  As properly calculated by the magistrate judge, the statute
9 of limitations for petitioner began running on July 13, 2005, ninety days after the California Supreme
10 Court denied review.  Report at 3-4; 28 U.S.C. § 2244(d)(1); Tillema v. Long, 253 F.3d 494, 498 (9th
11 Cir. 2001).  It thus expired on July 13, 2006.  The instant petition was filed March 7, 2007, well
12 outside of the statutory period of limitations.

13 As the magistrate judge properly concluded, petitioner has not indicated any entitlement to
14 statutory or equitable tolling.  Petitioner objects that his untimely presentation of the claims is due to
15 lack of knowledge of applicable filing deadlines, lack of representation, unfamiliarity with the legal
16 process, and ignorance of legal rights.  (Objections at 2.)  Petitioner attached an exhibit to his
17 objections entitled "request for extension of time" with an illegible filing stamp which resembles the
18 filing stamp for the Southern District. (Objections, Ex. B.)  This document is dated June 29, 2006 and
19 requests a 90-day extension for filing petitioner's "federal habeas corpus" due to delays in
20 photocopying attempted on April 13, 2005.[1]  Even assuming by preparing this document petitioner
21 was diligently pursuing his rights, his requested 90-day extension would have expired in September
22 of 2006, nearly six months before petitioner eventually filed his untimely petition.  Moreover, taking
23 the document at face value, it indicates petitioner was aware of his filing deadline of July 13, 2006.

24 In order to establish his right to equitable tolling, petitioner must not only establish his diligent
25 pursuit of his rights but also that "extraordinary circumstances beyond [his] control . . . made it
26 impossible to file a petition on time." Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001) (internal

---

[1] Petitioner also includes as an exhibit a discrepancy document dated January 24, 2007 from the Clerk of the Court including a 2254 packet for petitioner.  This may have been the Clerk's response to the extension request which may have been filed by petitioner.

1  numbering omitted). As the Report correctly concluded, petitioner has not established any such
2  "extraordinary circumstances."

3  CONCLUSION

4  Accordingly, the Court (1) adopts the magistrate judge's Report; (2) rejects petitioner's
5  objections; (3) denies petitioner's motion for stay and abeyance as moot; and (4) dismisses the
6  petition for writ of habeas corpus with prejudice as untimely.

8  **IT IS SO ORDERED.**

10  **DATED: January 23, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**